IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| NYAMBER GRIZZEL, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 1:23CV789 |
| THE STATE OF NORTH CAROLINA, | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a person convicted of a crime in Surry County, North Carolina, and now on supervised probation for that conviction, submitted a form seeking a petition for a writ of habeas corpus under 28 U.S.C. § 2254, together with an application to proceed *in forma pauperis*. The petition cannot not be further processed for the following reason:

1. Petitioner indicates that state court remedies have not been exhausted as required by 28 U.S.C. § 2254(b). As the Court informed Petitioner previously, this Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising her claim(s) in a direct appeal of her conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising her claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422).

Because of this pleading failure, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00

filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defect noted.[1]  The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if she wishes to pursue this Petition.  See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001).  To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow after exhausting her state court remedies.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b).  However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, she should be aware that she is normally entitled to have only one § 2254 petition decided on its merits.  Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition.  28 U.S.C. § 2244(b).  That permission is granted only in very narrow circumstances.  Because of this, Petitioner should act carefully in resubmitting a petition.  See generally Castro v. United States, 540 U.S. 375 (2003).  If Petitioner wishes to challenge her conviction, she must use the § 2254 forms supplied by the Court, include all of the claims for relief she wishes to raise, and closely follow the instructions provided.  Petitioner may also choose not to submit a petition.  Finally, if Petitioner wants a form of relief other than relief from her conviction or sentence, she should make that clear in any new submission and should state that she is not seeking to attack her conviction or sentence.  She should not use the § 2254 forms in that instance.

which corrects the defects of the current Petition. The new petition must be accompanied by either the five-dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 14th day of September, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
